No. 22612.

Ivan M. Kroehnke and Beatrice I. Kroehnke *v.* Alfred F. Zimmerman, Catherine R. Zimmerman, and Colo-evans, Inc., a corporation organized and existing under and by virtue of the Laws of the State of Colorado.
(467 P.2d 265)

Decided April 6, 1970.

HARRY W. BOWLES, RALPH C. TAYLOR, for plaintiffs in error.

MASON, REULER and PEEK, MAURICE REULER, DANIEL K. WOLFE, JR., for defendants in error.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

THE plaintiffs, Ivan M. Kroehnke and his wife Beatrice I. Kroehnke, brought an action against the dedefendants, Alfred F. and Catherine R. Zimmerman, and Coloevans, Inc., (1) for damages in the amount of $33,539.35, and (2) for specific performance of a right to purchase under a "first refusal" provision contained in a lease of business property. The trial court, without the aid of a jury, entered a judgment of dismissal of both claims after both parties had concluded the presentation of their evidence. The court based its decision on (1) laches and estoppel; (2) the application of the three-year statute of limitations; (3) lack of consideration; and (4) its interpretation that there was no "sale" within the meaning of the "first refusal" provision of the lease. Although the parties have briefed and argued all the points upon which the court turned its decision, we rest our affirmance of its judgment solely on (4). We hold that there was no *sale* within the contemplation of the parties

to the agreement; consequently, there is no need to consider other justifications for the court's judgment.

On and prior to May 11, 1957, the defendants were the record owners of certain real property located at 4040 East Evans Avenue, Arapahoe County, State of Colorado, which by the time of the trial had been annexed to the City and County of Denver. Joseph W. Zimmerman, son of the defendants, had contributed funds for the purchase of the property and was a co-owner, although his interest was not of record.

On May 11, 1957, the defendants Alfred F. and Catherine R. Zimmerman entered into a ten-year lease of the subject property with the plaintiffs. The lease provided for two five-year renewal options. This lawsuit arose out of the dispute over the interpretation of paragraph 4 of the lease. In material part it reads:

"It is further agreed that if, during the term of this lease or during any extension thereof, the lessors, their heirs or assigns, should desire to sell said demised premises, then the lessees, their executors, administrators, or assigns shall have the privilege of purchasing the same for the same price for which the lessors would be willing to sell to any other person; but if the lessees, their executors, administrators, or assigns, shall not exercise said option of purchase within ten days from notice in writing from the lessors, their heirs or assigns, of such desire to buy, then said lessors may sell and convey said premises to any other person, subject to lessees' rights under the terms of this lease."

The plaintiffs paid the rent called for by the terms of the lease and otherwise performed their obligations under the terms of the lease.

In 1958 the Zimmermans (including Joseph) organized Coloevans, Inc. as a corporation under the laws of Colorado. On December 1, 1958, the defendants Zimmerman conveyed the subject property, together with other adjacent real estate owned by them, to Coloevans, Inc. by warranty deed, subject to existing rights con-

tained in "outstanding leases." In exchange for the warranty deed to all of the property, the corporation issued its stock and a promissory note to the three Zimmermans, who are the sole stockholders of Coloevans, Inc.

Late in 1963 the plaintiffs, as a result of being interviewed by a federal internal revenue agent in reference to the plaintiffs' financial dealings with the defendants Zimmerman, learned of the conveyance of the property from the Zimmermans to Coloevans, Inc. The plaintiffs then consulted their attorney in reference to their privilege of first refusal under the terms of the lease. The present lawsuit was instituted as a result of the refusal of the defendants to sell to the plaintiffs under the terms of paragraph 4 of the lease.

As indicated above, the prime issue is whether the conveyance of the leased property from the Zimmermans to the family corporation constituted a "sale," thereby giving life to the first refusal provision of the lease.

■■ The plaintiffs recognize the difference between an option to purchase, which gives the optionee the power to compel the owner to sell at a stipulated price whether he be willing or not, and a privilege of first refusal or pre-emption, which we have here. The privilege of first refusal merely requires the owner, when and if he desires to sell the property, to offer it to the lessee, for the same price for which he is "willing to sell to any other person." *Aden v. Estate of Hathaway*, 162 Colo. 311, 427 P.2d 333; *Wellmore Builders, Inc. v. Wannier*, 49 N.J. Super. 456, 140 A.2d 422.

■ The defendants recognize the validity of the first refusal provision and concede that in the event they "should desire to sell said demised premises, then the lessees [plaintiffs] * * * shall have the privilege of purchasing the same for the same price for which the lessors [Zimmermans] would be willing to sell to any other person." The transfer to the corporation did not affect the rights granted in paragraph 4; the provision is still in effect.

The issue reduces itself to the question of whether the transfer of title by the individual owners to a corporation in which the grantors own all of the stock constitutes a *sale* to "any other person." To resolve the issue the terms of the agreement must be construed to determine the intention of the parties. *Ruston v. Centennial Real Estate and Investment Co.,* 166 Colo. 377, 445 P.2d 64; *Buckhorn Plaster Co. v. Consolidated Plaster Co.,* 47 Colo. 516, 108 P. 27; *Halsted v. Globe Indemnity Co.,* 258 N.Y. 176, 179 N.E. 376.

If the transfer is a *sale* within the contemplation of the parties, then the inescapable conclusion would be that the lessors had expressed a "desire to sell" and the privilege of first refusal had ripened into an enforceable right. As previously indicated, we do not believe that a transfer of the title under these circumstances expressed a "desire to sell" nor a "willing[ness] to sell to any other person." *Sand v. London & Company, Inc.,* 39 N.J. Super. 513, 121 A.2d 559.

Although the corporation issued its stock and a note as consideration for the transfer of title, there is nothing in the record to suggest arms' length dealing between an owner willing (but not forced) to sell, and a buyer willing (but not forced) to buy, which customarily characterizes a sale in the open market. The trial court's conclusion that it was not a *sale* within the contemplation of section 4 of the lease was logical. *Sand v. London & Company, Inc., supra.*

The transfer, solely for the convenience of the lessors in managing the property, is not a *sale. Halsted v. Globe Indemnity Co., supra.*

The judgment is affirmed.

Mr. Justice Day, Mr. Justice Pringle and Mr. Justice Lee concur.