# Joan R. Rodgers, Individually, et al.

## v.

# William W. Davenport

Record No. 822031

Decided June 14, 1985, at Richmond

Present: All the Justices

*John C. Baker* for appellants.

*R. Brian Ball (James H. Price, III; Browder, Russell, Morris & Butcher*, on brief), for appellee.

PER CURIAM.

The issue in this legal malpractice case is whether the trial court erred in granting defendant's motion for summary judgment, sustaining his plea of estoppel, and dismissing the suit with prejudice. If plaintiff's motion for judgment and answers to certain requests for admissions left extant a genuine issue of material fact, then the trial court erred.

The pertinent facts, viewed in the light most favorable to plaintiff, are as follows: In 1979, Joan B. Rodgers retained William W. Davenport to collect $13,740 in child support arrearages accrued under a May 13, 1970 agreement. An *ore tenus* hearing was held concerning Rodgers' entitlement to the arrearages. At the conclusion of the hearing the court requested legal memoranda.

After the hearing, but some time prior to September 26, 1979, counsel for Rodgers' ex-husband made an offer of settlement whereby the ex-husband would pay $3,500 in a lump sum and make future child support payments of $200 per month. Davenport initially advised Rodgers to reject the offer.

On September 26, 1979, Davenport contacted Rodgers and, changing his earlier recommendation, advised her to accept her ex-husband's offer. In that conversation, Rodgers told Davenport to do what he thought was best with respect to the settlement.

However, Rodgers changed her mind and called Davenport back on September 26, 1979, this time directing him not to accept the offer. Rodgers called Davenport again at 7:30 a.m. on September 27, 1979, reiterating her decision not to accept the settlement offer. According to Rodgers, despite her instructions, Davenport, by letter dated September 27, 1979, accepted the settlement offer.

In her motion for judgment, Rodgers fairly alleges that Davenport accepted the offer of settlement on September 27, 1979, and that he did so without authority. These allegations were sufficient to state a cause of action against Davenport. However, the trial court's decision rests not only upon the motion for judgment but also upon Rodgers' answers to certain requests for admissions. Consideration of these answers is critical, therefore, to the proper disposition of this appeal.

Davenport contends that in her answers to requests numbers ten and eleven, Rodgers admitted away her cause of action. With regard to request number ten, Rodgers admitted, in essence, that on September 26, 1979, Davenport advised her to accept her ex-husband's offer of settlement. There is no disagreement among the parties on this point. Indeed, Rodgers alleged as much in her motion for judgment.

According to Davenport, Rodgers' most damaging admission was made in response to request number eleven. There, Rodgers admitted that in a telephone conversation of September 26, 1979, she told Davenport "to do what he felt was best with respect to settlement." Davenport contends that this admission shows he was authorized to settle and thus means that Rodgers has no viable cause of action against him. We disagree.

Simply because Rodgers, in one phone conversation on September 26, 1979, authorized Davenport to settle, does not mean that at the time Davenport accepted the settlement offer he acted with authority. Rodgers' contention is that she withdrew Davenport's authority to settle before he accepted the offer. If Rodgers is correct, then she has stated a cause of action against Davenport even though she had initially authorized him to settle.

The record makes clear that there exists a genuine issue concerning the material fact whether Rodgers withdrew Davenport's authority to settle prior to Davenport's accepting the settlement offer. *See* Rule 3:18. The record reveals that Rodgers disputes Davenport's contention that the settlement had already been completed prior to the second telephone conversation on September 26, 1979. Indeed, in her motion for judgment, Rodgers alleges that the settlement offer was not accepted until September 27, 1979.

In light of the foregoing, we hold that the trial court erred in granting Davenport's motion for summary judgment, in sustaining his plea of estoppel, and in dismissing the suit with prejudice. Therefore, the judgment appealed from will be reversed and the case remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*