## CIRCUIT COURT OF FAIRFAX COUNTY

Estate of Renee F. Weisz

v.

David Nassif Co. et al.

May 13, 1986

Case No. (Chancery) 95616

By JUDGE THOMAS A. FORTKORT

The case at bar was tried upon a stipulated set of facts and the argument of counsel. On February 7, 1963, Renee Weisz and David Nassif Company entered into a sealed agreement for the sale of certain property owned by Renee Weisz. The issue in contention is paragraph 10 of that agreement which granted David Nassif Company the right of first refusal to. purchase the remainder of the land owned by Renee Weisz adjacent to the property purchased. Renee Weisz died, testate on June 25, 1982, and the subject land passed to her heirs. On July 2, 1982, the Will was probated and on or about September 29, 1984, the subject property was proposed to be sold to a purchaser, known as the Anden Group.

David E. Nassif, the successor in interest to David Nassif Company, has asserted the right of first refusal under paragraph 10 of the agreement. The Contract of Sale to the Anden Group was presented to Mr. Nassif and refused by him. Mr. Nassif asserts his right of first refusal to any contract to a purchaser other than the Anden Group or to the Anden Group on terms different from those which

he previously refused. The petitioners, the Executors of the Estate of Renee Weisz, deny the validity and enforceability of the right asserted by Mr. Nassif, and have petitioned this Court to declare paragraph 10 of the 1963 agreement void and unenforceable.

The petitioners argue that paragraph 10 is void ab initio under the rule against perpetuities. They aver that the agreement may not be consummated during the life of Renee Weisz and 21 years, 10 months violating the rule as enunciated in *C. J. Skeen, et al. v. Clinchfield Coal Corporation*, 137 Va. 397 (1923). Alternatively, Petitioner suggests that since the contract does not reference the term "life," the gross time that exercise of the option may be postponed is 21 years which is the Rule in *United Virginia Bank/Citizens & Marine, Exec., Etc. v. Union Oil Company of California, et al.*, 214 Va. 48 (1973). The sales contract to the Anden Group is 21 years, 6 months after the Weisz-Nassif Company contract was executed.

Thirdly, the petitioners argue that the remoteness of vesting is invalid as causing an unreasonable restraint on property.

Finally, the petitioners argue that the right of first refusal was an individual right that was extinguished by the death of Renee Weisz. Paragraph 13 indicates the parties were knowledgeable about binding successors and assigns and that as a general rule of construction, when that language appears in one paragraph it applies to that paragraph and not the contract as a whole.

The defendant argues that the contract survives the death of the petitioner and cites several Virginia cases in support of that proposition.

Secondly, defendants state that if the rule of perpetuities is applied, it is for lives in being plus 21 years and 10 months and has several years yet to run.

Taking the petitioner's arguments in reverse order, the Court finds that the contract did survive the death of Renee Weisz. The Court agrees that the words "successors and assigns" indicate the parties' knowledge that the contract could be binding on their successors. The Court does not agree that the failure to use those words elsewhere in the contract indicates the parties' intention not to bind their successors or assigns to any other portion of the contract.

Paragraph 4 binds Mr. Nassif as an individual. Paragraph 13 binds The Nassif Company, its successors and assigns. Paragraph 14 provides the contract will survive settlement. Paragraph 15 contemplates assignment of the contract. David Nassif's individual liability is limited to paragraph 4. A reading of the whole contract clearly binds and benefits The Nassif Company and its assigns. The contract is silent as to whether it will bind the survivors of Renee Weisz. That issue is not one of construction of the document but of the application of Virginia law. The Virginia rule is simply that administrators are bound by contracts, broken after the death of the decedent with the exception of contracts in which personal skill or taste is required. The contract in this case involves purely ministerial acts without personal skills or taste and survives the death of the decedent. *Looney v. Belcher*, 169 Va. 160 (1937); *Moore v. Crutchfield*, 136 Va. 20 (1923).

In the case of *The Ryland Group v. Wills*, 229 Va. 459 (1985), the Court references the rule in *United* which is determinative in this case, at page 463:

> Normally, the period is a life or lives in being plus 21 years and 10 months. However, where the parties are corporate entities and do not contract with reference to life or lives in being the determinative period is 21 years from the date of creation of the interest. *United Virginia Bank v. Union Oil*, 214 Va. 48, 51.

The optionee, the Nassif Company, is a statutory entity. The first attempt to sell the land was over 21 years after the creation of the right of first refusal. The rationale for the lesser period for corporate entities over the lives in being plus 21 years, 10 month period of the rule against perpetuities is the recognition that modern business requires a more determinative standard than the rule which in the past most often applied to transactions between private persons.

Whether the *Skeen* rule applies as against Virginia Code Section 55-13.3 (Supp. 1984) which modified the rule against perpetuities is moot since for the reasons stated the lesser period of vesting applies to this cause.

Defendant's final argument that the action of the executors in submitting an offer to the defendants for

their refusal, binds the executors in the future does not apply. Under the rule in *United*, the period of contract ends after 21 years by operation of law and is unaffected by the conduct of the parties.

Counsel for petitioners will kindly submit an order of declaratory judgment in their favor.