■ JEAN MOON et al., Plaintiffs, v CATHERINE HAEUSSLER, Appellant, and MID VALLEY OIL COMPANY, INC., Respondent.—

Mikoll, J. Appeal from an order and judgment of the Supreme Court (Connor, J.) in favor of defendant Mid Valley Oil Company, Inc., entered June 14, 1988 in Greene County, upon submission of the controversy on an agreed statement of facts pursuant to CPLR 3222.

On June 5, 1985 defendant Catherine Haeussler, owner of certain real property containing a gasoline filling station and small retail store in the Town of Athens, Greene County, entered into a lease agreement with defendant Mid Valley Oil Company, Inc. (hereinafter Mid Valley), a domestic corporation which, *inter alia,* operates gasoline filling stations. By the terms of the agreement Haeussler would lease the real property to Mid Valley for a two-year term and pursuant to paragraphs 6 (a) and (b) of the lease, Mid Valley would have a right of first refusal purchase option, and a fixed price purchase option—the right to purchase the property for $55,000—during the term of the lease.

Subsequently Haeussler received a bona fide offer to purchase the leased premises for $75,000 from plaintiffs. Pursuant to the terms of the lease, Haeussler duly notified Mid Valley by letter dated July 31, 1986 of this offer. By letter dated August 7, 1986, Mid Valley informed plaintiffs of the fixed price option without indicating whether it intended to exercise the option. It did not exercise the option within the required 60 days of the notice from Haeussler. Haeussler did not sell the demised premises to plaintiffs, or other buyers, within 90 days of having given notice to Mid Valley, as required by the terms of the right of first refusal option.

In January 1987, plaintiffs instituted the present action against Haeussler and Mid Valley seeking a judgment declaring that Mid Valley, by failing to exercise its right of first refusal option, had waived its rights under the fixed price option. Subsequently, Mid Valley informed Haeussler by letter of its intent to exercise its fixed price option pursuant to paragraph 6 (b) of the lease and purchase the subject property for the specified $55,000. Haeussler declined to sell to Mid Valley.

Thereafter, the parties sought judicial interpretation of paragraphs 6 (a) and (b) of the lease upon a submission of controversy and statement of agreed facts. Supreme Court ruled that Mid Valley was entitled to exercise its fixed price option, concluding that Mid Valley had not waived its rights thereunder by failing to exercise its right of first refusal option after notice from Haeussler. This appeal by Haeussler followed.

In the interpretation of leases, "the intent of the parties is to be given paramount consideration" (Tantleff v Truscelli, 110 AD2d 240, 244, affd 69 NY2d 769). Where, as here, the parties rely on a written agreement and the pertinent facts are not in dispute, interpretation of that written contract presents an issue of law which the court may determine (see, supra).

The question of whether a fixed price purchase option in a lease is extinguished by the failure of a lessee to exercise a right of first refusal option in the same lease after receiving notice from the lessor of a third-party offer of purchase has only recently been addressed in New York. In interpreting a lease with similar provisions, the Second Department in Tantleff v Truscelli (supra) held that the lessee's failure to respond to due notice under the right of first refusal option extinguished its rights under the fixed price option (see, supra). We find the reasoning of Tantleff persuasive here.

Supreme Court's holding that Mid Valley's failure, after due notice, to exercise its right of first refusal option did not operate to extinguish the fixed price option deters a potential third-party purchaser from ever paying more than the fixed option price of $55,000, lest he lose his investment and be divested of his property by Mid Valley's later exercise of its fixed price option. Supreme Court's interpretation effectively limits the sales price of the demised premises to the fixed option price of $55,000 and vitiates the utility of the right of first refusal option, contrary to the intent of the parties. Thus,

Mid Valley's rights pursuant to the fixed price option of paragraph 6 (b) of the lease have been extinguished. Accordingly, the judgment of the Supreme Court should be reversed.

There is no need to consider Haeussler's contention that Mid Valley should be estopped from asserting its rights under the fixed price option since we have determined that Mid Valley's failure, after due notice, to exercise its first refusal option operated to extinguish its rights under the fixed price option.

Order and judgment reversed, on the law, with costs, and it is declared that defendant Mid Valley Oil Company, Inc. is precluded from exercising its option to purchase under paragraph 6 (b) of the lease in question. Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

Mahoney, P. J., and Mercure, J., dissent and vote to affirm in a memorandum by Mercure, J. Mercure, J. (dissenting). We respectfully dissent. The majority holds today that notice to a lessee under a right of first refusal option effects a unilateral extinguishment of the lessee's rights under a fixed price option. In our view, in so holding, the majority is rewriting the lease in a manner wholly inconsistent with its plain terms and the apparent intent of the parties. We see no irreconcilable conflict between the right of first refusal option and the fixed price option and, accordingly, no reason for us to insert a new lease provision by determining that notice to the lessee under the former extinguishes the latter.

The clear language of the fixed price option permits the lessee to purchase the property for $55,000 at any time during the lease term. To be sure, this would have the effect of placing a ceiling on potential sale prices, but that is true of all fixed price options. Considering that the lease is for two years only, this provision is by no means onerous. Moreover, anticipating the possibility that the lessor might desire to sell the demised premises for an even lower price during the lease term, the lessee bargained for and obtained the right of first refusal option as well. That plaintiffs, on notice of the fixed price option, would offer to purchase the property for a price $20,000 in excess thereof may evidence poor judgment, but it cannot defeat the valuable and bargained-for fixed price option.

It has long been settled that a contract should be construed in such a way that all of its parts may stand together if they are capable of such a construction (see, Dady v O'Rourke, 172 NY 447, 452). Because we believe that the lease can and

should be interpreted in such a way as to give full meaning to both options *(see, Amoco Oil Co. v Snyder,* 505 Pa 214, 478 A2d 795; *Texaco, Inc. v Creel,* 310 NC 695, 314 SE2d 506), we would affirm Supreme Court's order and judgment.