■ MICHAEL JANKOWSKI et al., Appellants, v MOHAMMAD ZAFRULLAH, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Swartwood, J.), entered October 18, 1988 in Chemung County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

The parties executed a written agreement in October 1986 whereby plaintiffs leased a residence from defendant. The contract, drafted by defendant's real estate broker, provided that the lease term was "a period of 10 months, at the end of which they have 1st option to purchase". At the bottom of the instrument, just above the signatures of the parties, is the additional handwritten notation, "The above agreement is a purchase price of $71,000." During the final month of the lease, plaintiffs offered to purchase the property for the stated price. Upon defendant's refusal, plaintiffs brought this action for specific performance and money damages allegedly sustained as a result of defendant's breach of what plaintiffs assert to be a fixed-price option. After issue was joined,

defendant moved, *inter alia,* for summary judgment dismissing the complaint. Supreme Court, determining that the lease granted plaintiffs nothing more than a right of first refusal, granted the motion. Plaintiffs appeal; we affirm.

Contrary to plaintiffs' assertion, the contract's recitation of a purchase price was not incompatible with a grant of a first option. "A preemptive right, or right of first refusal, does not give its holder the power to compel an unwilling owner to sell; it merely requires the owner, when and if he decides to sell, to offer the property first to the party holding the preemptive right so that he may meet a third-party offer or *buy the property at some other price set by a previously stipulated method" (Metropolitan Transp. Auth. v Bruken Realty Corp.,* 67 NY2d 156, 163 [emphasis supplied]; *see, R.I. Realty Co. v Terrell,* 254 NY 121). A contract granting a "first option" may properly set the price at which the property is to be purchased if and when the owner decides to sell *(see, supra).* Hence, there is no repugnancy between the clauses of the lease granting a first option, on the one hand, and fixing the purchase price, on the other. In the absence of ambiguity, Supreme Court was entitled to construe the contract as a matter of law. It is a well-established principle that "the construction of a plain and unambiguous contract is for the court to pass on, and that circumstances extrinsic to the agreement will not be considered when the intention of the parties can be gathered from the instrument itself" *(West, Weir & Bartel v Carter Paint Co.,* 25 NY2d 535, 540; *cf., Lachs v Fidelity & Cas. Co.,* 306 NY 357, 364; *Federated Assocs. v Johnson Co.,* 144 AD2d 531, 532).

Order affirmed, with costs. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur.