■ McPEADY & COMPANY, INC., Respondent, v CHESTNUT STREET PROPERTIES, INC., et al., Appellants.—Yesawich Jr., J.

At issue on this appeal is the meaning of clause 40 (hereinafter the clause) contained in a 10-year lease entered into in April 1984 between Lloyds Gas and Service, Inc. (hereinafter Lloyds) and Andrew Isola. By the clause, Isola was granted a first right to purchase the demised premises, real property in the Town of New Paltz, Ulster County (hereinafter the premises), if Lloyds undertook to sell the premises during the first five years of the lease term. The clause specifically provided that: "The Tenant shall have twenty (20) days after receipt of the Landlord's notice of intention to sell [to a good-faith prospective purchaser] within which to enter into an agreement with the Landlord embodying the same terms * * *. In the event that the Tenant does not enter into such a written agreement within the said twenty (20) day period, his right to purchase hereunder *shall be canceled,* effective upon the closing between the Landlord and the prospective purchaser" (emphasis supplied).

In May 1984 Isola formed plaintiff, to which he later assigned all his right, title and interest in the aforesaid lease. In August 1984, March 1985 and again in April 1985, Lloyds notified Isola in writing of its intention to sell the premises to defendants Helene Manoy, Mary Manoy Walsh, Anthony Manoy, Philip Manoy and Louise Manoy Quinn (hereinafter collectively referred to as the Manoy defendants) for $250,000 and offered Isola the opportunity to exercise his right to purchase the premises. Isola rejected these offers in writing and, in May 1985, Lloyds conveyed the premises to the Manoy defendants. On April 3, 1989, the Manoy defendants sold the property to defendants Chestnut Street Properties, Inc., Dirk De Witt and Doris De Witt (hereinafter collectively referred to as the Chestnut Street defendants).

Thereafter, plaintiff commenced this action seeking specific performance of the clause or, alternatively, a constructive trust or monetary damages. Supreme Court granted plaintiff's motion compelling a further bill of particulars and compliance with a notice for discovery and inspection by the Manoy defendants. They in turn had cross-moved for and were granted an order directing all parties not yet deposed to appear to be deposed at a specific place and time. The Manoy defendants' cross motion for summary judgment, like that of

the Chestnut Street defendants, was denied. Defendants appeal; we reverse.

Although Isola was offered the opportunity to buy the premises under the same terms of the sale to the Manoy defendants, he affirmatively responded in writing, "I decline to exercise my rights" under the clause. By the very terms of the clause, upon the closing between Lloyds and the Manoy defendants, Isola's right of first refusal was thereby extinguished (see, e.g., LIN Broadcasting Corp. v Metromedia, Inc., 74 NY2d 54, 62; Metropolitan Transp. Auth. v Bruken Realty Corp., 67 NY2d 156, 163). Had the original parties intended, as plaintiff contends, that the right of first refusal revived with respect to each and every sale that occurred during the first five years of the lease, they could have accomplished this by appropriate language. Inasmuch as the clause is unambiguous with respect to the original parties' intent, it is not necessary to consider extrinsic circumstances; accordingly, summary judgment dismissing the complaint should have been granted (see, Jankowski v Zafrullah, 155 AD2d 793, 794; Moon v Haeussler, 153 AD2d 1002, 1003, appeal dismissed 76 NY2d 890; Tantleff v Truscelli, 110 AD2d 240, 244, affd 69 NY2d 769). Given this disposition, there is no need to reach the disputed question regarding whether Helene Manoy, Philip Manoy and Louise Manoy Quinn were properly served.

Mikoll, J. P., Crew III and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motion denied, cross motions granted, summary judgment awarded to defendants and complaint dismissed.