Denna S. STUART, Plaintiff–Appellee,

v.

David N. D'ASCENZ, Defendant–Appellant.

No. 99CA1955.

Colorado Court of Appeals,
Div. IV.

Sept. 28, 2000.

Rehearing Denied Nov. 9, 2000.

Certiorari Denied May 14, 2001.

John A. Berman, Denver, Colorado, for Plaintiff–Appellee.

Hudgins & Associates, LLC, William T. Hudgins, Greenwood Village, Colorado, for Defendant–Appellant.

Opinion by Judge DAILEY.

Defendant, David N. D'Ascenz, appeals the judgment granting plaintiff, Denna S. Stuart, the right to purchase certain real property. Because we conclude that defendant only granted plaintiff a right of first refusal, rather than an option, with respect to the purchase of certain property, we reverse.

## I.  Background

The parties entered into two agreements. One concerned the purchase of the defendant's business, a bar, for $125,000; the other concerned a lease for the property on and in which the bar was located.  In the lease, the following clause appeared:

> Leasee [sic] has the 1st right of refusal on the property for a period of (2) two calandar [sic] year term from the start of this lease.  The purchase price shall be $160,000.

About a year into the lease, plaintiff offered to purchase the property for $160,000. The defendant refused to sell the property.

The plaintiff brought an action to compel defendant to sell her the property, claiming that the clause in the lease gave her an option to purchase it.  Defendant argued that the clause only gave plaintiff a right of first refusal in the event defendant decided to sell the property.

In considering defendant's motion for summary judgment, the trial court ruled that, by including a purchase price in the clause, the parties intended to provide plaintiff with an option to purchase the property.  Subsequently, the court stated that "the first right of refusal, by its very definition, does not have a price.  It's the ... right to meet somebody else's price, whereas, an option is the right to purchase at a particular price...."

Nonetheless, the court indicated it would not prohibit defendant from introducing at trial extrinsic evidence that might persuade the court otherwise.

At the close of the bench trial, the court ruled that it had analyzed the lease with and without reference to extrinsic evidence, and in each instance had reached the same conclusion, *i.e.*, the clause gave plaintiff the option to purchase the property.  The court further found the plaintiff had properly exercised her option and that she was therefore entitled to specific performance.

## II.  Interpreting the Lease

The defendant contends that the trial court erred in interpreting the lease to give plaintiff an option to purchase his property.  We agree.

The interpretation of a contract is a question of law which we review *de novo*. *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909 (Colo.1996).

In our view, the lease unambiguously provides plaintiff only with a right of first refusal.

The distinction in law between an option and a right of first refusal is this: an option to purchase gives the holder the power to compel the owner to sell the property regardless of the owner's desire to do so; in contrast, a right of first refusal does not give the holder the power to compel the owner to

sell but merely requires the owner, when and if he or she decides to sell, to offer the property first to the holder. *See generally* 11 S. Williston, *A Treatise on the Law of Contracts,* § 1441A at 948–53 (W. Jaeger ed., 3d ed.1968); 6 *American Law of Property* § 26.64 at 507 (A. Casner ed.1952). *See also, e.g., Producers Oil Co. v. Gore,* 610 P.2d 772 (Okla.1980); *Sanchez v. Dickinson,* 551 S.W.2d 481 (Tex.Civ.App.1977); *Shower v. Fischer,* 47 Wash.App. 720, 737 P.2d 291 (1987).

■ Although options are often linked to stipulated prices, and rights of first refusals (or pre-emptive rights) to third party offers, *see Kroehnke v. Zimmerman,* 171 Colo. 365, 467 P.2d 265 (1970), *Peters v. Smuggler–Durant Mining Corp.,* 910 P.2d 34 (Colo. App.1995), *aff'd,* 930 P.2d 575 (Colo.1997), neither stipulated prices nor third party considerations determine whether a particular clause is an option or a right of first refusal. *See Producers Oil Co. v. Gore, supra,* 610 P.2d at 774 (recognizing that a right of first refusal can be premised on "a stipulated price, or . . . a price the [owner] is willing to sell to a third party"); *Jankowski v. Zafrullah,* 155 A.D.2d 793, 548 N.Y.S.2d 70, 71 (1989)("the contract's recitation of a purchase price was not incompatible with" a right of first refusal); *Long v. Wayble,* 48 Or.App. 851, 618 P.2d 22 (1980)(language—"Lessor agrees to give lessee first right of refusal on purchase of this property at an asking price of $35,000."—created not an option but a right of first refusal).

■ Contrary to the trial court's determination, then, the mere coupling of a stipulated price to an otherwise unequivocal right of first refusal creates neither an option, *Long v. Wayble, supra,* nor an ambiguity as to its meaning. *Jankowski v. Zafrullah, supra.*

Here, the language in the lease could not create an option because nothing "indicated that [plaintiff] had an absolute right to demand conveyance of the property at any time prior to [defendant's] decision to sell it." *See Winberg v. Cimfel,* 248 Neb. 71, 77, 532 N.W.2d 35, 40 (1995). Consequently, the clause in the lease created only a right of first refusal, *i.e.,* if defendant decided to sell

the property within two years, he would first have to offer it to plaintiff for $160,000. *See Long v. Wayble, supra.*

*III. Purchase Agreement Provisions*

During oral argument, plaintiff asserted that certain provisions relating to the agreement to purchase the business independently created an option to purchase defendant's property.

■ It appears, however, that plaintiff argued before the trial court only that these provisions constituted extrinsic evidence clarifying the parties' intent regarding the clause in the lease. Because we have determined that the clause is unambiguous, its meaning could not be varied by extrinsic evidence. *Dorman v. Petrol Aspen, Inc., supra.*

In any event, we are not persuaded that the provisions relating to the purchase agreement in and of themselves created an option for plaintiff.

■ In our view, those provisions—a proposal by plaintiff and defendant's counterproposal signed by both parties—create a right of first refusal consistent with that given in the lease. This follows because the counterproposal, which plaintiff accepted, substituted an entire paragraph providing only a right of first refusal for a proposed paragraph providing both an option and a right of first refusal.

■ Moreover, the parties' execution of the purchase agreement preceded the execution of the lease by five weeks. As such, the purchase agreement provisions merged into the unambiguous clause in the lease dealing with the same subject matter. *See Batterman v. Wells Fargo Ag Credit Corp.,* 802 P.2d 1112, 1115 (Colo.App.1990)("[U]nder law of merger, prior agreements, covenants, and conversations are merged into the final, formal, written contracts executed by the parties."); *Davidson v. Davidson,* 916 S.W.2d 918, 922 (Tenn.App.1995)("[T]he last agreement concerning the same subject matter that has been signed by all parties supersedes all former agreements, and the last contract is the one that embodies the true agreement.")(quoting *Magnolia Group v.*

*Metropolitan Development & Housing Agency,* 783 S.W.2d 563, 566 (Tenn.App.1989)).

Accordingly, we conclude that the plaintiff was not granted an option to purchase defendant's property and, consequently, is not entitled to the specific performance ordered by the trial court.

The judgment is reversed and the case is remanded for entry of judgment in favor of defendant.

Chief Judge HUME and Judge MARQUEZ concur.

