# CIRCUIT COURT OF THE CITY OF RICHMOND

David A. Garraghty,
Martha Tingle,
3303 Meadowbridge, L.L.C.,
2725 W. Grace, L.L.C.,
and 3117 Meadowbridge, L.L.C.

v.

Justin G. French

March 20, 2009

Case No. CL07-4685

BY JUDGE BEVERLY W. SNUKALS

This case came before the Court for a bench trial on February 27, 2009. By an Order entered December 10, 2008, Plaintiffs' suit was limited to a Request to Quiet Title. Evidence was presented, and argument was heard. The Court finds that Plaintiffs are not entitled to quiet title because, even if there is a cloud on the title, Plaintiffs did not properly invoke the right of first refusal agreement such that the Court could find that Defendant declined to exercise his rights.

Plaintiffs David Garraghty and Martha Tingle were the owners of properties located at 3303-3305 Meadowbridge Road, 2725 West Grace Street, and 3117 Meadowbridge Road, all located in the City of Richmond. On March 17, 2005, Mr. Garraghty and Ms. Tingle-Garraghty (collectively "the Garraghtys") entered into a right of first refusal agreement with Justin French, giving Mr. French a right of first refusal on several properties, including the Meadowbridge and West Grace properties.

On June 28, 2005, the Garraghtys deeded 3303-3305 Meadowbridge Road to 3303 Meadowbridge, L.L.C. On that date, they also deeded 2725 W. Grace Street to 2725 W. Grace, L.L.C., and 3117 Meadowbridge Road to 3117 Meadowbridge, L.L.C. The deeds were recorded on July 5, 2005. Mr. French subsequently recorded the right of first refusal agreement on August 5, 2005.

On March 21, 2007, Mr. Garraghty sent Mr. French a letter advising him that they were "planning to sell 3117 Meadowbridge Road and/or 3303 and 3305 Meadowbridge Road and/or 2725 West Grace Street." Mr. Garraghty asked that Mr. French "advise [him] of [Mr. French's] actions in order for any events to be completed" within sixty days.

On April 8, 2007, having not received a response to his March 21st letter, Mr. Garraghty sent a follow-up letter to Mr. French. Mr. Garraghty stated that, since Mr. French had not responded to his first letter, he concluded that Mr. French did not wish to exercise his right of first refusal. In so concluding, Mr. Garraghty requested that Mr. French "modify the recorded first right of refusal letter filed with the Circuit Court Clerk's office in the City of Richmond."

Alleging that Mr. French failed to remove the cloud from the titles to the properties as requested in Mr. Garraghty's April 8th letter, the Garraghtys initiated proceedings in this Court on September 27, 2007, asking the Court to, among other things, remove the cloud so that the properties could be sold. The three limited liability companies were added as parties to the suit on February 27, 2009. Initially, Mr. Garraghty was the sole plaintiff. Ms. Tingle was added as a necessary party on December 10, 2008.

At trial, Mr. French argued that there was no cloud to be removed because the right of first refusal agreement was not recorded until after the deeds to the limited liability companies were recorded. Attorney Mark Fleckenstein, an expert witness for the defense, testified that since the agreement was recorded after the deeds, it was outside the Garraghtys' chain of title and, thus, created no cloud on the Garraghtys' title. The Court agrees but finds such an analysis unnecessary because the relevant chain of title in this case is that of the limited liability companies (hereafter "LLCs").

Since the properties are owned by the LLCs, the Garraghtys, individually, no longer have any interest in the properties. As a party claiming standing must demonstrate a personal stake in the outcome of the controversy, *Goldman v. Landsidle*, 262 Va. 364, 371, 552 S.E.2d 67 (2001), the Court finds that the Garraghtys do not have standing and, therefore, are not properly before the Court. Accordingly, the Court dismisses the Garraghtys' claims against Mr. French. In doing so, the Court finds that the parties' dispute over

whether Mr. Garraghty's letter of March 21, 2007, was a proper invocation of the right of first refusal agreement is irrelevant, as Mr. Garraghty could not give Mr. French a right of first refusal on properties he did not own.

With the dismissal of the Garraghtys, the LLCs remain as the only proper parties to this action, and the Court must thus determine whether a cloud exists on their titles. A cloud on title is "an outstanding claim or [e]ncumbrance which, if valid, would affect or impair the title of the owner of a particular estate. . . ." *Day v. Vaughn & Usilton, Inc.*, 193 Va. 168, 172, 67 S.E.2d 898 (1951). Generally speaking, a properly recorded right of first refusal agreement clouds title. *See generally Winn v. Stevenson*, 26 Va. Cir. 271 (Albemarle 1992); *Miller & Smith, Inc. v. Thompson*, 8 Va. Cir. 231 (Fairfax 1986).

In this case, the agreement was not recorded until after the LLCs received title. Nonetheless, the fact that the agreement was not recorded does not mean that the LLCs did not actually have notice of the agreement. Actual notice "is a matter of fact, and is to be proved, like all other facts, by direct proof of the fact itself, or by proof of circumstances, from which the fact may be justly inferred." *French v. Successors of the Loyal Co.*, 32 Va. (5 Leigh) 627, 655 (1834). Because the Garraghtys transferred the properties to the LLCs in which they have membership interests, it may be justly inferred that the LLCs knew of the right of first refusal agreement with Mr. French.

The object of recording statutes is to prevent frauds which might otherwise be practiced on creditors and subsequent purchasers through concealment of property interests. *Newman v. Chapman*, 23 Va. (2 Rand.) 93, 100 (1823). However, "[i]f a purchaser has actual notice otherwise, [of the encumbrance], he is not only not prejudiced by the failure to record it, but is himself guilty of a fraud in attempting to avail himself of the letter of the statute, to the prejudice of another who has a just claim against the property." *Id.* Accordingly, if an interested party has actual notice of a third party's rights, it is incumbent upon the interested party to ascertain what is necessary to be done to obtain a clear title. *Kelly v. Fairmount Land Co.*, 97 Va. 227, 229, 33 S.E. 598 (1899). Otherwise, the interested party is not protected against the encumbrance and, consequently, takes title subject to the third party's interest. *See generally Cummins v. Beavers*, 103 Va. 230, 242, 48 S.E. 891 (1904) (holding that a person who takes legal title to land, with knowledge that his grantor has agreed to sell it to another person, takes it subject to the equitable estate already vested in the purchaser). In light of the LLCs' actual notice of the right of first refusal agreement, the Court finds that they took the properties subject to such agreement and, accordingly, are bound by its terms.

However, the relevant question is whether a purchaser could discover the agreement in a title search of the properties. In performing a title search, a potential purchaser would look backwards and learn that the LLCs derived their title from the Garraghtys, whom the purchaser would likely recognize as the owners of the LLCs. The Court believes that, in light of this fact, a reasonably diligent title searcher using a modern computer system would likely examine other transactions entered into by the Garraghtys around the time the property was conveyed to the LLCs. Since the agreement was recorded a mere month after the deeds, it could be easily discovered.

Finding as such, the Court holds that there is a cloud on the titles of the properties. Furthermore, the right of first refusal has not been properly invoked by the proper owner of the property. Analysis of whether Justin French declined to exercise his rights is unnecessary if the offer was not properly made. Therefore, the LLCs have provided no basis for removal of any cloud from the title.